IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  DISCIPLINE OF ) <br> IRENE M. COSTELLO, ATTORNEY ) <br> REGISTRATION NUMBER 209795, A ) <br> MEMBER OF THE BAR OF THE UNITED ) <br> STATES DISTRICT COURT FOR THE ) <br> WESTERN DISTRICT OF ) <br> PENNSYLVANIA ) <br> ) | Misc. No. 2:21-mc-543 |

## ORDER

WHEREAS, this Court was advised that Attorney Irene M. Costello ("Attorney Costello") was suspended from the practice of law in the United States District Court for the Southern District of New York for a period of two years, retroactive to January 22, 2020, with leave to apply for reinstatement at the expiration of that term, by order of United States District Court for the Southern District of New York Grievance Committee, dated February 17, 2021, entered in Disciplinary Proceeding Number M-2-238;

WHEREAS, on April 28, 2021, the undersigned issued an Order to Show Cause [ECF No. 1] which afforded Attorney Costello an opportunity, in accordance with this Court's Local Rules, to show good cause why an identical order of suspension should not be entered by this Court;

WHEREAS Attorney Costello, through counsel, filed a Response to the Order to Show Cause [ECF No. 3], a Motion to Strike that Response [ECF No. 4], a Second Response to the Order to Show Cause [ECF No. 5]; and a Motion for Leave to File Documents under Seal [ECF No. 6];

WHEREAS, the Chief Judge referred this matter to this court's Disciplinary Committee (the "Committee") pursuant to Local Civil Rule 83.3D(4);

WHEREAS, with respect to the pending motions filed by Attorney Costello, Court staff promptly removed the initial Response to the Order to Show Cause [ECF No. 3] from public view upon the filing of the Motion to Strike [ECF No. 4], but the Response nevertheless remained viewable at all times by Court users in its unredacted form, as originally filed; and

WHEREAS, the Committee recommended, and a majority of the active district judges agreed that both the Motion to Strike [ECF No. 4] and the Motion for Leave to File Documents under Seal [ECF No. 6] should be granted;

AND NOW IT IS HEREBY ORDERED that the Motion to Strike [ECF No. 4] and the Motion for Leave to File Documents under Seal [ECF No. 6] are both GRANTED;

WHEREAS, with respect to the substance of Attorney Costello's Response to the Order to Show Cause, this Court's Local Rules state that "this Court shall impose the identical discipline unless the respondent attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears that a) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; b) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; c) the imposition of the same discipline by this Court would result in grave injustice; or d) the misconduct established is deemed by this Court to warrant substantially different discipline;"

WHEREAS Attorney Costello acknowledges that she cannot establish, "that: (i) the SDNY Disciplinary Proceeding 'was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process'; (ii) 'there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its

duty, accept as final the conclusion on that subject'; or (iii) 'the imposition of the same discipline by this Court would result in grave injustice' LCvR 83.3.D.4.a-c," but argues that substantially different discipline is warranted due to "certain mitigating factors" [ECF No. 5 at ¶¶ 15-16];

WHEREAS, specifically, Attorney Costello requests that she be permitted to continue to practice law in this Court under the supervision of another attorney for a probationary period due to these mitigating factors [ECF No. 5 at ¶ 25];

WHEREAS the face of the record reflects that Attorney Costello presented evidence about these same mitigating factors to the United States District Court for the Southern District of New York Grievance Committee, [ECF Nos. 3 and 5 at ¶¶ 16-18, 5-3 and 5-4];

WHEREAS the face of the record reflects that the United States District Court for the Southern District of New York Grievance Committee considered these same mitigating factors in "evaluating the discipline to impose" but concluded that a two-year suspension was appropriate "despite the significant mitigating factors" [ECF No. 5-3 at 5];

WHEREAS, under these circumstances, any additional details, not already disclosed in Attorney Costello's initial Response to the Order to Show Cause, [ECF No. 3], about these same mitigating factors that may be divulged in the unredacted documents, i.e., portions of Attorney Costello's brief and a hearing transcript in the New York proceedings, and a letter from Attorney Costello to the New York bankruptcy judge whose signature she admittedly forged on a fabricated order, [ECF Nos. 5-4, 5-6, and 5-7], cannot "warrant substantially different discipline" in this Court; and

WHEREAS upon consideration of the matter presented by the Committee, a majority of the active district judges, concluding that, upon the face of the record, none of the factors set out

at Local Civil Rule 83.3D(4)(a)-(d) clearly appeared, voted to reciprocally suspend Costello from the Bar of this Court for a period of two years, effective retroactively to January 22, 2020;

AND NOW THEREFORE IT IS HEREBY ORDERED that Attorney Costello is suspended from the bar of the United States District Court for the Western District of Pennsylvania for a period of two years, retroactive to January 22, 2020, which order also precludes her practice before the United States Bankruptcy Court for the Western District of Pennsylvania;

IT IS FURTHER ORDERED that the Clerk of Court shall suspend Attorney Costello's CM/ECF User Account and identify Attorney Costello as being suspended in the Court's attorney admission records;

IT IS FURTHER ORDERED that Attorney Costello is advised of her obligation to affirmatively seek an order of reinstatement upon expiration of her period of suspension. LCvR 83.3E; and

IT IS FINALLY ORDERED that while the period of suspension hereunder is retroactive to January 22, 2020, the entry of this Order does not affect or invalidate any filing made by Attorney Costello or any action taken by this Court or the Bankruptcy Court for this District in any case in which Attorney Costello may have appeared, unless so directed by further Order of a presiding judicial officer in a specific case.

The Clerk of Court will give notice of the entry of this order to Attorney Costello through her counsel of record in this case via CM/ECF Notice of Electronic Filing.

Date: July 28, 2021            *Mark R. Hornak*
                               Mark R. Hornak
                               Chief United States District Judge